IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| PETER KIEWIT SONS', INC., | ) | |
| | ) | |
| Plaintiff, | ) | 8:10CV365 |
| | ) | |
| v. | ) | |
| | ) | |
| WALL STREET EQUITY GROUP, INC., WALL STREET GROUP OF COMPANIES, INC., SHEPHERD FRIEDMAN, and STEVEN S. WEST, | ) ) ) ) | MEMORANDUM AND ORDER |
| | ) | |
| Defendants. | ) | |
| | ) | |

This matter is before the court on the defendants' three separate Motions for Clarification of November 9, 2011 order, (filing nos. 150, 151 and 152).

IT IS ORDERED:

1) The defendants' request for additional time to file a brief in response to the plaintiff's motion for sanctions, (filing no. 150) is granted.[1]  The defendants shall have until December 2, 2011 to file any such responsive brief.  Plaintiff shall not be entitled to a reply brief absent leave of the court.

2) To the extent defendants' motions seek clarification as to the manner of production of the hard drives and server, and the confidentiality protection to be afforded information obtained during the forensic examination, (see filing nos, 150, 151, and 152), the motions are denied.  Neither counsel has provided any indication the parties have attempted to confer on the manner of

---

[1] The court is well aware of defense counsel's travel schedule.  However, as stated in the undersigned's latest order, (filing no. 149) the briefing schedule is determined by the local rules of this court.  See NECivR 7.0.1(b)(1)(B).  The court does not extend this schedule absent a motion to extend.

production of the hard drives and server[2] as required by local rule NECivR 7.0.1(i). It is the expectation of the court that counsel will comply with the local rules for this court and will engage in a professional discussion to determine how and when production is going to take place, including the preservation of confidential material. If, after an honest, good faith effort to reach an accord on the manner of production and disclosure, the parties cannot come to a resolution, the appropriate motion may be filed and the court will take the matter up at that time.

3) Finally, the motion for clarification as to the number of servers to be produced, (filing no. 152), is denied. If the defendants only have one server in their possession containing the disputed information and the other "crashed" and has since been discarded, the parties do not need a court order stating only one server should be produced for inspection. However, if the data on the "crashed" server was transferred to any device, in addition to the remaining server, that device shall be produced for inspection as well.

DATED this 10th day of November, 2011.

BY THE COURT:

*s/ Cheryl R. Zwart*
United States Magistrate Judge

---

[2] Presumably if the server cannot be removed from its current location and no other satisfactory way of removing the information exists, the parties will have to arrange for the forensic expert to travel to Florida to conduct his or her examination on site.