IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| PETER KIEWIT SONS', INC., | ) | CASE NO.: 8:10-CV-00365 |
| | ) | |
| Plaintiff, | ) | |
| | ) | MEMORANDUM AND ORDER |
| v. | ) | |
| | ) | |
| WALL STREET EQUITY GROUP, INC., | ) | |
| WALL STREET GROUP OF | ) | |
| COMPANIES, INC., SHEPHERD | ) | |
| FRIEDMAN AND STEVEN S. WEST, | ) | |
| | ) | |
| Defendants. | ) | |

A telephonic hearing was held on the Plaintiff, Peter Kiewit Sons', Inc.'s Emergency Motion to Compel Defendants to Make Offices Available for Imaging of Servers on 11/11/11, (Filing No. 154), and the Defendants' Motion for Protective Order. (Filing No. 158). After conferring with counsel for the parties, in the interest of maintaining the *status quo* while defense counsel is out of the country, but also insuring the plaintiff promptly obtains a full and complete image of the information on the defendants' computer equipment,

IT IS ORDERED:

1) Defendants shall make their offices available to the Continuum representative beginning on Friday, November 11, 2011 at 12:00 p.m. until the Continuum representative has completed his work "imaging" the Defendants servers. Defendants' counsel shall notify her clients of this Order by 12:00 p.m. on November 11, 2011.

2) The defendants shall fully cooperate with the imaging activities and processes performed by Continuum, and shall not interfere in any way with those processes.

2

3)      When the Continuum representative arrives at the offices for imaging the defendants' servers, the defendants shall deliver to the Continuum representative the hard drives they produced at the hearing held on November 8, 2011. The Continuum representative may either retain the hard drives for further analysis upon his or her return to Nebraska or, in the Continuum representative's sole discretion, he or she may create an image of those drives and leave the hard drives themselves at the defendants' facilities.  If the Continuum representative decides the hard drives should be retained for further analysis, the defendants shall not in any way interfere with that decision or the steps used to effectuate that decision.

4)      The results of Continuum's analysis of the defendants' computers shall not be disclosed to anyone other than counsel for the parties until further order of the court. To be clear, the results of the analysis shall not be disclosed to the parties, and the defendants' clients shall not be contacted by the plaintiff or its counsel, until the results of the analysis have been presented to the court and the parties have been afforded an opportunity to discuss and, if necessary, litigate the proper terms for disclosure or protection of the information.

November 11, 2011.

s/ Cheryl R. Zwart
Cheryl R. Zwart
United States Magistrate Judge