IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| PETER KIEWIT SONS', INC., | |
| Plaintiff, | 8:10CV365 |
| vs. | |
| WALL STREET EQUITY GROUP, INC., WALL STREET GROUP OF COMPANIES, INC., SHEPHERD FRIEDMAN, STEVEN S. WEST, | MEMORANDUM AND ORDER |
| Defendants. | |

Currently before the court is Plaintiff Peter Kiewit Sons', Inc.'s motion for attorney's fees, (filing no. 265). Plaintiff has requested attorneys fee and costs in the amount of $132,760.00. Plaintiffs submitted an affidavit from Michael Coyle which attests to the amount of fees and general states how much time each of Plaintiff's attorneys and paralegals have spent on various discovery motions. However, Plaintiff has not provided any attorney billing statements. Plaintiff has offered to provide the billing statements from its attorneys to the court for an in camera review, but alleges its billing statements are protected from disclosure to Defendants due to the work/product doctrine and the attorney/client privilege.

In certain circumstances, attorney billing statements may contain protected or privileged information; however, Plaintiff cannot rely upon a blanket assertion of work/product protection and attorney/client privilege to prevent Defendants from reviewing the billing statements to argue the reasonableness of the sought after fees. See Brennan v. Western Nat. Mut. Ins. Co., 199 F.R.D. 660, 662 (D.S.D. 2001). Billing statements are only protected to the extent they " 'reveal the motive of the client seeking representation, litigation strategy, or the specific nature of the services performed, such as researching particular areas of the law. . . .' " Id. (quoting Clarke v. American Commerce Nat'l. Bank, 974 F.2d 127, 129 (9th Cir. 1992)). Entries contain information regarding

research or other matters where litigation strategy or client motive is not revealed, those entries will not be protected.  See Brennan, 199 F.R.D. at 662.  The parting seeking to avoid production bears the burden of establishing a privilege applies.  In re Grand Jury Proceedings, 791 F.2d 663, 666 (8th Cir. 1986).

Plaintiff has submitted evidence regarding the attorneys and paralegal who performed legal services, the date on which the services were performed, the billing rate, and the amount of time billed.  However, the court suspects that Plaintiff's attorneys' billing sheets likely contain additional discoverable information regarding the nature of services performed.[1]  To the extent such information exits, Defendants are entitled to review billing statements to contest the reasonableness of the requested attorneys' fees before the court enters its ruling.

Accordingly,

IT IS ORDERED:

1) On or before July 17, 2012, Plaintiff shall provide Defendants with copies of the billing statements for the attorneys' fees Plaintiffs are seeking to recovery.  The billing statements may be redacted, but only to the extent the statements contain information regarding client motivation, litigation strategy or mental impressions of Plaintiff's counsel.  Any billing statements or entries pertaining to services for which Plaintiffs are not seeking recovery do not need to be produced.

2) Plaintiff shall provide the court with unredacted copies of the billing statements in order for the court to properly assess whether the statements

---

[1] For example, an entry claiming "drafted brief re: motion to compel" does not contain legal advice or mental impressions, and likely would provide valuable information for Defendants (and the court) to evaluate whether work was duplicated and whether the amount of time spent on various activities was reasonable.  This is simply meant as an illustration as the court is not familiar with Plaintiff's counsel's billing practices.  Obviously, the more detailed a billing statement, the more likely it is to contain protected information.

       contain protected information.  The unredacted billing statements can be filed with the court electronically and **under seal**.

3)     Defendants shall have until July 27, 2012 to supplement their brief in opposition to Plaintiff's motion for attorneys' fees.  Neither party will be permitted additional briefing absent leave of the court.

Dated this 5th day of July, 2012.

                                          BY THE COURT:

                                          *s/ Cheryl R. Zwart*
                                          United States Magistrate Judge