IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| PETER KIEWIT SONS', INC.,<br><br>            Plaintiff,<br><br>    vs.<br><br>WALL STREET EQUITY GROUP, INC.,<br>WALL STREET GROUP OF COMPANIES,<br>INC., SHEPHERD FRIEDMAN, STEVEN<br>S. WEST,<br><br>            Defendants. | 8:10CV365<br><br>**MEMORANDUM AND ORDER** |

This matter is before the court on Plaintiff's request for attorneys' fees and expenses in the amount of $132,760, which was filed in response to the Memorandum and Order dated May 18, 2012 awarding sanctions against Defendants in an amount to be determined. Plaintiff's request will be granted in part, subject to this court's reduction as set forth below.

BACKGROUND

On May 18, 2012 the undersigned issued a Memorandum and Order ruling on several motions, including Plaintiff's motion to impose sanctions against Defendants. The court granted the motion as to Plaintiff's request for attorney's fees and recommended to the Honorable John M. Gerrard that he give an adverse jury instruction at trial. As to Plaintiff's request for attorneys' fees, the court ordered:

> Plaintiff's request for attorneys' fees and costs associated with its Motion for Issuance of Subpoena on Arthur Bertke; Plaintiff's request for costs associated with the forensic examination of Plaintiff's electronic equipment; Plaintiff's request for attorney's fees and costs associated with Plaintiff's motion to compel, and associated motions and hearings; and its motion for sanctions, are granted. Plaintiff shall submit an itemized billing statement of fees and expenses associated with the above referenced motions and the Continuum forensic examination of Defendants' electronic equipment, on or before June 1, 2012, in support of its motion for sanctions. Plaintiff shall refer to NECivR 54.4 for guidance in preparing the statement.

Filing No. 263, pp. 44-5.

In response, Plaintiff submitted a request for attorneys' fees in the amount of $132,760.00. Specifically, Plaintiffs seek $5,385.00 for attorneys' fees and costs associated with the Motion for Order to Issue Subpoena to Arthur Bertke, $12,787.50 in attorneys' fees and costs in connection with its Motion to Compel, and $88,063.00 in attorneys' fees and costs related to its Motion for Sanctions. Plaintiff also alleges fees in connection with Continuum's services in the amount of $9,125 and expenses to third parties for all of the motions in the amount of $10,541.61. The remaining $6,858.50 relates to litigating Defendants' Motion for Protective Order.

Plaintiff submitted an affidavit from its lead counsel Michael F. Coyle discussing the qualifications of the attorneys and paralegal who performed work on the motions as well as a breakdown of the hours spent by each attorney and the paralegal on each of the motions. Attached to the affidavit are exhibits reflecting the billing statements from Continuum Worldwide Corporation for services rendered in imaging Defendants' computer equipment and analyzing the data found therein. Coyle represented his billing rate is $300 per hour, attorney David J. Stubstad's billing rate is $270 per hour, attorney Rebecca A. Zawisky's billing rate is $180 per hour, attorney Robert W. Futhey's billing rate was $165 per hour in 2011 and is $175 per hour in 2012, and paralegal Marcia Shavlik's billing rate was $105 per hour in 2011 and is $110 per hour in 2012.

Defendants objected to Plaintiff's claim for fees, in part because Plaintiff's counsel did not provide billing statements for Defendants to examine. Upon order of the court, Plaintiff provided Defendants with redacted billing statements for Defendants to analyze and contest. Plaintiff also provided the court with unredacted billing statements for an <u>in camera</u> review.

Defendants have now submitted their objection to the amount of requested attorneys' fees and have requested that the court significantly reduce the amount to be awarded to Plaintiff. Defendants submitted a detailed examination of the billing statements and assert much of the time spent on tasks was duplicative or simply excessive. Defendants further request that the court deny Plaintiff's request for expenses related to ordering transcripts and

expenses associated with the depositions of expert witnesses. Defendants also request that the court toll the payment of any fees awarded until the merits of the case have been ruled upon. Plaintiff has asked for an immediate payment of all fees and expenses awarded.

## ANALYSIS

This court ordered sanctions in this case based upon Fed. R. Civ. P. 11, Fed. R. Civ. P. 37, and the court's inherent power to sanction inappropriate conduct. Sanctions under these rules and the courts are meant to deter future sanctionable conduct, to reimburse the moving party for its reasonable expenditures related to the sanctionable conduct and "to control litigation and to preserve the integrity of the judicial process." Nick v. Morgan's Foods, Inc., 270 F.3d 590, 594 (8th Cir. 2001); see also Kirk Capital Corp. v. Bailey, 16 F.3d 1485, 1490 (8th Cir. 1994)(Rule 11 sanctions are primarily to deter litigant and attorney misconduct); Gleghorn v. Melton, 195 Fed.Appx. 535 (8th Cir. 2006)(award of reasonable attorneys' fees are an appropriate sanction under Rule 37). The district court has great discretion in determining the proper amount of reasonable attorneys' fees to be awarded in a case where a party has been sanctioned. Wescott Agri-Products, Inc. v. Sterling State Bank, Inc., 682 F.3d 1091, 1094 (8th Cir. 2012).

After reviewing the unredacted billing statements provided by Plaintiff and considering the parties' respective arguments, the court finds Plaintiff's request should be reduced.

As an initial matter, based on this court's experience, the billing rates for the respective attorneys and the paralegal utilized by Plaintiff are reasonable and customary. Defendants do not contest the rates charged, but object only to the amount of time billed by Plaintiff's counsel on the respective motions, the types of services for which Plaintiff's attorney billed[1], and the inclusion of certain expenses, such as fees for transcript preparation.

---

[1] Defendants' attorney argues Plaintiff's attorneys fees are excessive because she billed roughly one-quarter of the time Plaintiff's attorneys billed on the same motions. While the court has broad discretion to

3

Defendants have presented a thorough line-by-line examination of the billing statements submitted by Plaintiff. While the court declines to address each billing entry separately in this opinion, the court has reviewed, in the unredacted copy of the billing statements submitted for in camera review, all of the 178 entries and expenses contested by the Defendants to assess the reasonableness of the type of service performed and the amount of time billed by Plaintiff's attorneys.

As a general matter, the court agrees with Defendant that the entries contain a certain amount of duplication in the Plaintiff's work on the respective motions and in some cases reveal excesses for which Defendants should not be responsible.[2] That is not to say Plaintiff did not receive value in having more than one attorney draft the briefs, perform legal research, and attend hearings. However, it does not follow that in order to compensate Plaintiff properly and to deter future sanctionable conduct on the part of Defendants, Defendants should be required to reimburse Plaintiff for every hour of attorney or paralegal time spent in addressing these motions.

---

exclude redundant or excessively billed time, there is no requirement that a party retain the attorney who will complete the work most expeditiously and at the lowest cost. Thus, the mere fact that Defendants' counsel, a solo practitioner, spent fewer billable hours on the motions for which this court has awarded attorneys' fees carries little weight in determining the reasonableness of fees Plaintiff is requesting.

[2] However, the alleged excesses and duplication are not nearly as problematic as Defendants would have the court believe. The letter to Defendant's counsel, dated July 17, 2012, that accompanied the redacted billing statements stated:

> [P]lease note that some entries discuss multiple matters. For some of these matters, Kiewit has not requested [sic] payment from the Court. Accordingly, some entries on the billing statements list time entries that are greater than what Kiewit has requested payment in my affidavit submitted to the Court . . . . For example, if a billing entry lists two matters that took two hours to complete, but my affidavit's entry only lists Kiewit as seeking one hour for the services performed on that date, the affidavit's entry for one hour controls.

Letter to Defendant, Dated July 17, 2012.

Despite this explanation, Defendants apparently did not consult Coyle's affidavit when drafting their objections to Plaintiff's requested attorneys' fees. For instance, Defendants argue attorney Futhey billed excessively on September 15, 2011 by claiming 6.2 hours to revise Plaintiff's brief in support of its motion to compel. However, Coyle's affidavit indicates Plaintiff is only seeking compensation for 2.4 hours of Futhey's time on that date. This is merely one example of the numerous instances the court found deviations from the time listed on the billing sheets and what was actually requested by the Plaintiff, with all such deviations being in favor of cutting rather than inflating the attorney fees requested.

4

Motion for Protective Order

Plaintiff claims fees and expenses in the amount of $6,858.50 attributable to its opposition to Defendants' Motion for a Protective Order. Defendants raised the motion due to concerns over Plaintiff contacting Defendants' current and former customers. While the court determined Defendants' request was entirely too restrictive in light of corporate defendants' poor record retention policy, the motion for protective order itself was not entirely without merit and was not, unlike the other motions in question, severely tainted by the egregious conduct of Defendants. Accordingly, no fees or costs related to Defendants' motion for protective order will be awarded.

Motion to Issue Subpoena on Arthur Bertke

Defendants object to the $5,385.00 Plaintiff seeks for attorneys' fees and costs associated with the Motion for Order to issue Subpoena to Arthur Bertke. Plaintiff seeks reimbursement for 35.9 hours of professional time including:

| | |
|---|---|
| Attorney Michael Coyle: | 4.0 hours at $300 per hour |
| Attorney Rebecca A. Zawisky: | 7.3 hours at $180 per hour |
| Attorney Robert W. Futhey: | 15.6 hours at $165 per hour |
| Paralegal Marcia Shavlik: | 9.0 hours at $105 per hour |

As was thoroughly described in this court's memorandum and order of May 18, 2012, (filing no. 263), the motion to serve a subpoena on Mr. Bertke was anything but a normal or typical motion and was made more complicated by Defendants' initial assertion that Bertke did not possess any information or equipment responsive to the subpoena. Having reviewed the billing statements reflecting the attorneys' fees and costs associated with this motion, the court finds the requested amount of $5,385.00 is a reasonable sanction, particularly when considering Defendants' inaccurate claims regarding what information Bertke possessed.

Motion to Compel

In this court's Memorandum and Order of May 18, 2012, the court expressly provided Plaintiff was entitled to attorneys' fees and costs associated with the Motion to Compel. Filing No. 263, p. 44. Plaintiff originally filed a motion to compel requesting the Defendants supplement their discovery answers. The motion was granted in part and denied in part. The motion was denied to the extent Plaintiff sought certain financial information from Defendants and to the extent Defendants had previously answered some of Plaintiff's requests. The court held in that order that "Plaintiff has provided no evidence that the [Defendants'] answers are incomplete or dishonest," and therefore a number of the requests in the motion to compel were denied. Filing No. 128. However, as set forth in this court's order of May 18, 2012, some of Defendants' answers did prove to be inaccurate or incomplete and the court has now ordered sanctions accordingly. To wit, the forensic examination of Defendants' computer equipment revealed instances in which "Kiewit" appeared in solicitation letters and other documents in possession of the Defendant.

Plaintiff seeks fees and expenses in the amount of $12,787.50 pertaining to the motion to compel. This request includes:

| | |
|---|---|
| Attorney Michael Coyle: | 7.3 hours at $300 per hour |
| Attorney Rebecca Zawisky: | 22.3 hours at $180 per hour |
| Attorney Robert Futhey: | 39.9 hours at $165 per hour |

Having reviewed the billing records regarding the amount of time spent on the motion to compel and the reasonableness of the fees, and factoring in the limited success Defendants experienced in challenging the motion to compel, the court finds the fees and costs associated with the motion to compel should be reduced to $8,287.50.

Motion for Sanctions

By far the largest component of Plaintiff's attorneys' fees relate to the motion for sanctions. To be sure, this motion necessitated considerable time to extensively brief the

matter and to attend and prepare for evidentiary hearings before the undersigned. These hearings involved testimony from an expert and several other fact witnesses and numerous pages of exhibits.

Plaintiffs are requesting an award of $88,063.00. This includes the following:

| | |
|---|---|
| Attorney Michael Coyle: | 85.7 hours at $300 per hour |
| Attorney David J. Stubstad: | 26.4 hours at $270 per hour |
| Attorney Robert W. Futhey: | 100.2 hours at $165 per hour |
| | 191.1 hours at $175 per hour |
| Paralegal Marcia Shavlik: | 12.7 hours at $105 per hour |
| | 35.6 hours at $110 per hour |

Having reviewed the billing statements, it appears there was some duplication of work performed by Plaintiff's attorneys and paralegal, particularly in the preparation and attendance at hearings and brief writing. No doubt, the motion for sanctions required significant time in drafting briefs and preparing for and attending multiple evidentiary hearings, but the court will nonetheless reduce the Plaintiff's fee request by deducting any duplicative work performed by the team of professionals working on Plaintiff's behalf. After doing so, Plaintiff is entitled to an award of $58,000 relating to its motion for sanctions.

Fees for Continuum Worldwide's Services

Plaintiff seeks reimbursement for payments made to Continuum Worldwide in the amount of $9,125. These fees include cost associated with the forensic examination as well as the travel costs of the Continuum representative who traveled to Florida to conduct the computer imaging. Defendants argue the $1,564.84 assessed in travel costs are excessive, noting that Defendants' counsel was able to find several travel packages from Omaha to Florida, taking into account the short notice the Continuum representative had prior to travel, for $755 to $860. These packages purportedly included flight, hotel and rental car expenses. However, Defendant does not state that these same rates were available at the time Continuum's representative actually traveled to Florida. Moreover, Plaintiff is not required

to demonstrate it found the least expensive travel accommodations, but merely that it spent a reasonable amount on travel. The court finds that due to the fact the trip was scheduled on short notice,[3] the fees charged for travel expenses were reasonable. Accordingly, Plaintiff is entitled to recover the entire amount of $9,125.

Expenses Paid to Third Parties

Plaintiff seeks expenses paid to third parties in the amount of $10,541.61. These expenses represent fees for transcripts for various depositions, transcripts of hearings, video conference room rental, and witness fees. The court finds a number of the expenses were not directly related to any of the contested motions. For instance, the depositions of Defendants' experts were associated with the Motion for Protective Order and not for any of the motions for which Plaintiff is entitled to sanctions. Plaintiff also seeks reimbursement for the services of an expert whose testimony was unnecessary. Plaintiff also is not entitled to be reimbursed for the fees associated with ordering transcripts of the various hearings. Plaintiff's request for expenses paid to third parties will be reduced by $8,429.51 representing fees associated with the depositions of Defendants' experts, video conference rental for those depositions, and transcripts of various hearings. Accordingly, Plaintiff is entitled to reimbursement of $2,112.10; this amount representing fees paid to third parties and incurred to litigate the motions for which it is entitled to an award of sanctions.

Timing of Payment

Plaintiff has asked for the sanctions to be made payable immediately. Defendants argue that payment should be delayed until the matter has been resolved on dispositive motions or trial. As is standard practice in this court, the award of fees will be assessed as

---

[3] On November 9, 2011, the court approved Continuum Worldwide to conduct the forensic examination. Filing No. 149. On November 10, 2011 Plaintiff filed an emergency Motion to Compel stating that it had scheduled the Continuum Representative to travel to Florida on November 11, 2011 and requesting the court order the Defendants to make their offices available. The defendants opposed this motion. The court had become concerned that evidence was being hidden, and would be lost if any additional delay was permitted. The court granted the Plaintiff's emergency motion.

part of the judgment eventually entered in this case, unless at or before the time judgment is entered, the clerk is notified by the defendant that the award has been paid. Although the court understands Plaintiff's concern regarding deterring further sanctionable conduct on the part of Defendants, the court can and will assess additional sanctions if the need arises, and if that occurs, will revisit the decision to allow the Defendants to defer payment until a judgment is entered.

IT IS ORDERED,

1) Defendants' motion to strike reply brief, (filing no. 287) is denied. Plaintiff's motion to File Reply Brief *Instanter*, (filing no. 288) is granted.

2) The sum of $82,909.60 in attorney fees and costs is awarded to the plaintiff and against the defendants. The entire amount of this award represents the amount owed to the Plaintiff for costs and fees incurred as a result of defendants' willful, wrongful, and intentional violation of court processes and rules, including the spoliation of evidence.

3) The clerk shall enter this award as part of the judgment eventually entered in this case, unless at or before the time judgment is entered, the clerk is notified by the defendant that the award has been paid.

Dated this 21st day of September, 2012.

BY THE COURT:

*s/ Cheryl R. Zwart*
United States Magistrate Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.