IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| PETER KIEWIT SONS', INC.,<br><br>        Plaintiff,<br><br>vs.<br><br>WALL STREET EQUITY GROUP, INC., WALL STREET GROUP OF COMPANIES, INC., SHEPHERD FRIEDMAN, STEVEN S. WEST,<br><br>        Defendants. | 8:10CV365<br><br>**MEMORANDUM AND ORDER** |

Two motions are pending and fully submitted for the court's consideration:

--Defense counsel's motion to withdraw as counsel for defendant Steven West. (Filing No. 314); and

--Plaintiff's Motion for Reconsideration, (Filing No. 320).

For the reasons explained below, defense counsel's motion to withdraw will be denied, and the plaintiff's motion to reconsider will be granted.

<u>Motion to Withdraw</u>
(filing no. 314)

Defendants' counsel has moved to withdraw as counsel for defendant Steven West only. (Filing No. 314). Defense counsel explains she "has experienced irreconcilable differences with West resulting in the deterioration of the attorney-client relationship and can no longer effectively represent West." (Filing No. 315, at CM/ECF p. 2). Defense counsel states she has not and cannot contact West. (Id. at CM/ECF p. 3). A copy of the motion and supporting brief were served on West at a Florida address. Based on evidence filed by the plaintiff, West is currently using an Ontario, Canada phone number. (Filing Nos. 321, at CM/ECF p. 4; 322-1, at CM/ECF pp. 4; 6.).

In her reply brief, defense counsel further explains that she should be allowed to withdraw as counsel for West, but need not withdraw as counsel for the remaining defendants, because:

> A dispute arose concerning the ownership of Wall Street Private Equity Group, Inc., an unrelated third party entity, (Filing No. 323, at CM/ECF p. 2);
>
> This dispute has spawned litigation between defendant West and Richard Calabria, president, director and sole shareholder of defendant WSE; (Filing No. 323, at CM/ECF p. 2);
>
> Defense counsel has represented defendant WSE since late October of 2009, (Filing No. 323, at CM/ECF p. 3);
>
> Defense counsel still represents defendant WSE and Wall Street Private Equity Group, Inc. in corporate matters, and those matters are not the same or substantially similar to the matters before this Court, (Filing No. 323, at CM/ECF p. 4); and
>
> Based on her knowledge and analysis of the relevant facts, defense counsel can withdraw from representing West but remain counsel of record for the remaining defendants, (Filing No. 323, at CM/ECF p. 4).

Pursuant to Nebraska General Rule 1.3(f), an attorney may withdraw upon showing good cause. However, counsel is "relieved of duties to the court, the client, and opposing attorneys only after (1) filing a motion to withdraw, (2) providing proof of service of the motion on the client, and (3) obtaining the court's leave to withdraw." NEGenR 1.3. "The decision to allow counsel to withdraw is left to the discretion of the district court." Fleming v. Harris, 39 F.3d 905, 908 (8th Cir. 1994).

When ruling on an attorney's motion to withdraw, the court must consider not only the reason for requesting leave to withdraw, but also "the disruptive impact that the withdrawal will have on the prosecution of the case." Byrd, 271 F.Supp.2d at 176 (citing Whiting v. Lacara, 187 F.3d 317, 321 (2d Cir. 1999)). As to the latter, the court considers

whether the withdrawal may cause prejudice to the parties, interference with the administration of justice, or delay in resolving the case. 7A C.J.S. Attorney & Client § 270.

Kiewit's lawsuit has been pending for over two years. It began with an unopposed motion and accompanying order enjoining the defendants from misusing the Kiewit Mark. After that, the defendants' cooperation ended.

The original October 18, 2011 trial date has been extended three times, (see Filing Nos. 38, 59, 132 & 290), due to the defendants' dilatory and obstreperous discovery misconduct. (See Filing No. 263). The defendants' discovery is complete; the plaintiff has been actively engaged in deposing third party witnesses, with discovery scheduled to be completed by February 15, 2013. The parties' dispositive motion deadline is December 17, 2012. Although West may not be cooperating with his current counsel, based on the history of this case, it is unlikely a new attorney will fare any better.[1] And any new attorney entering the case would need substantial time to review the extensive discovery and tortured history of this lawsuit before participating in any remaining discovery and the trial—resulting in yet another case progression delay attributable to West's uncooperative conduct and attitude.[2]

---

[1] Kiewit argues that if defense counsel is allowed to withdraw and West decides not to proceed *pro se*, the court should require that West's new counsel be licensed and practicing in Nebraska. Defense counsel argues there is no authority for this position. She is wrong. Attorneys who are not admitted to the bar of this court "apply" to practice before this forum, (NEGenR 1.7(f)), and even if admitted *pro hac vice*, can be required to associate with "an attorney who is both a resident of this district and a member of this court's bar." (NEGenR 1.7(f)). Nonresident attorneys who are not members of this court's bar have no absolute right to represent clients in this district; this court retains the right to demand that a party be represented by members of this court's bar who reside in Nebraska.

[2] Defense counsel states that granting the motion to withdraw "should not - and is not intended to - delay the case in any way," (Filing No. 323, at CM/ECF p. 4), but also states "30 to 60 days would be a reasonable time to grant Mr. West to obtain new counsel, particularly since, other than the pending third party depositions, there is nothing pending before the Court which urgently requires Mr. West to have new counsel." (Filing No. 323, at CM/ECF p. 5). These two statements cannot be reconciled. During the time period it takes to find West, notify him that he

Case delays nearly always have some prejudicial effect on one or all of the parties, but those effects are magnified in this case. Specifically, an apparently related entity (Wall Street Private Equity Group, Inc.) has already filed for bankruptcy protection,[3] (Filing No. 327), and it appears West and WSE may use any discovery and trial delay resulting from a change of counsel to contact potential witnesses and, by clear implication, assert that Kiewit reneged on its prior interest in purchasing the deponent's company. (See Filing No. 322-1, at CM/ECF pp. 3-7).

The court acknowledges that it is difficult to represent an uncooperative client. But an attorney who agrees to represent a party is obligated to see the work through to completion, (Byrd, 271 F. Supp. 2d at 176), and "should not be permitted to abandon [her] responsibilities merely because [she] is unhappy with the nature of the relationship with the client." Streetman v. Lynaugh, 674 F.Supp. 229, 235 (E.D. Tex. 1987). Moreover, a party should not be empowered to hinder case progression by simply refusing to communicate with his attorney. Rophaiel v. Alken Murray Corp., 1996 WL 306457, 2 (S.D.N.Y. 1996) (denying counsel's motion to withdraw, noting a defendant should not be permitted to stall proceedings by merely acting in a manner that induces the attorney to move for withdrawal).

---

is no longer represented, and allow him to decide if he will appear through counsel or *pro se*, this case will be at a standstill which will, in turn, delay the progression of this case.

[3] The evidence of a relationship or connection between the defendants and Wall Street Private Equity Group, Inc. is clear. Wall Street Private Equity Group, Inc. filed a Suggestion of Bankruptcy in this case. Filing No. 327. That document states that "[u]pon information and belief, [Peter Kiewit Sons', Inc.] may ask this Court to impute liability to [Wall Street Private Equity Group, Inc.], pursuant to a theory of successor liability." Filing No. 327, ¶2, at CM/ECF p. 1. In responding to discovery previously in this case, Wall Street Private Equity Group was identified as an organization in which defendant Shepherd Friedman was listed as an officer and the registered agent. Filing No. 106-3, at CM/ECF p. 47. A review of publicly available documents on the Florida Secretary of State's website further indicates defendant Steven West was initially a named officer and director of Wall Street Private Equity Group, Inc., which was formed during the pendency of this litigation, and continues to maintain a connection with the Corporation. Further Richard Calabria currently serves as the president and director of Wall Street Private Equity Group, and he has served as the president of Wall Street Equity during the course of this lawsuit. Filing No. 259, at CM/ECF p. 6.

Having considered the evidence and arguments of record, the court finds that allowing defense counsel to withdraw for defendant West would interfere with this court's schedule and processes for case progression, delay resolution of this case, and unduly prejudice Kiewit, and defendants WSE and Friedman. Based on these factors, defense counsel's motion to withdraw as counsel for defendant West will be denied.

Motion for Reconsideration
(Filing No. 320)

Pursuant to Fed. R. Civ. P. 60(b) the court "may relieve a party . . . from a final judgment, order, or proceeding for the following reasons: . . . (2) newly discovered evidence that with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); . . . (3) . . . misconduct by an opposing party; . . . or (6) any other reason that justifies relief."

The court previously entered an Order requiring Defendants to pay a sanction award totaling $82,909.60, the amount to be paid upon entry of the final judgment in this case. (Filing No. 306). The order further states that "the court can and will assess additional sanctions if the need arises, and if that occurs, will revisit the decision to allow the Defendants to defer payment until a judgment is entered." Kiewit asks the court to order immediate payment of the sanctions award because of new evidence obtained regarding defendants' past and continued disruption of the discovery process.

On May 18, 2012, the court entered an order granting the plaintiff's motion to compel and ruling on the defendants' motion for a protective order. The court's order required Defendants to provide Plaintiff with a listing of businesses or entities that purchased a business valuation, appraisal, or business profile from Defendants since January 1, 2008. Subject to certain restrictions, the order allowed Kiewit to contact the construction and/or mining businesses identified in the defendants' list. (Filing No. 263).

5

Defendants moved to reconsider. (Filing No. 269). The motion to reconsider was denied on June 18, 2012. (Filing No. 272).

While awaiting a full submission and a ruling Kiewit's motion for sanctions and Defendants' motion for protective order, Wall Street Private Equity Group sent a business solicitation letter to Charles Blackmun & Co., a construction business and past customer of WSE. The letter stated:

> There is a new buyer who is aggressively making acquisitions in your industry. If you have updated financials it will facilitate . . . opening up negotiations with this buyer.
>
> The previous buyer disappointed us and our intentions are to achieve your objectives this time without further cost to you.

(Filing No. 322-1, at CM/ECF p. 7). A month later, while the motions were still pending, Richard Calabria on behalf of Wall Street Private Equity Group sent a follow up letter to Charles Blackmun & Co. which stated:

> As you know, we were disappointed by a buyer in the past who made an acquisition in your industry of one of our related company's clients and then did not follow through on their promise to look aggressively at additional submissions like Blackman Construction, Inc.
>
> There is a new buyer interested in your industry. <u>We would like to help you with that buyer at no charge and even contribute our commission to your favorite charity to make the point that we value our industry and cannot allow buyers to disappoint sellers as well as damage our reputation</u>.

(Filing No. 322-1, at CM/ECF p. 5).

Four days after the court denied the defendants' motion to reconsider the order allowing Kiewit to contact Defendants' clients, Wall Street Private Equity Group sent a letter to Mayo Construction, a different past customer of WSE:

6

> We would like to help you sell Mayo Construction and contribute the commission to the charity of choice. Please let me explain.
>
> A while back, a buyer promised to look at your company seriously and they disappointed us and you. It has caused us some embarrassment and litigation.

(Filing No. 322-1, at CM/ECF p. 3).

On September 7, 2012, Kiewit filed notices of intent to serve subpoenas on 12 construction and/or mining customers of WSE, including Charles Blackmun & Co., Mayo Construction, and Trehel Corporation. (Filing Nos. 293, 301 & 305). Thereafter, On September 26, 2012, defendant West as "Chairman Emeritus" of Wall Street Group, sent follow business solicitation letters to Mayo Construction, and Trehel Corporation.

"Kiewit" is not specifically mentioned in any of the letters of record, but the timing of the letters, combined with the references within those letters to a past "buyer" who "disappointed" WSE and its potential sellers, resulting in "embarrassment and litigation," is certainly suspect. In addition, and perhaps more importantly, Wall Street Private Equity Group, a company apparently started by defendants West and Friedman for business purposes essentially identical to those of the corporate defendants in this case and now operated by the president of defendant WSE, (Richard Calarbria), has filed for bankruptcy protection and lists the sanctions award in this case as one of its bankruptcy debts. In re Wall Street Private Equity Group, Inc., case no. 12-35719, Filing No. 2 (Bankr. S.D.Fla. Oct. 28, 2012). Moreover, defendant West, who was personally involved in the spoliation of evidence underlying Kiewit's motion for sanctions, is no longer communicating with his counsel. Under the additional facts and change of circumstances now presented for consideration, the court concludes that unless immediate payment is required, Kiewit may never be able to recover its sanctions award. That is, neither the assets to collect the sanctions awarded, nor defendant West himself,

7

may be available if the payment obligation remains deferred until an April 2013 trial date. Pursuant to Rule 60(b), Plaintiff's motion for reconsideration, (Filing No. 320), will be granted.

Accordingly,

IT IS ORDERED that:

1) Defense counsel's motion to withdraw as counsel for defendant Steven West, (Filing No. 314), is denied.

2) Plaintiff's motion for reconsideration, (Filing No. 320), is granted. On or before November 26, 2012, the defendants shall pay $82,909.60, that being the sanctions awarded to Kiewit under the court's prior order, (Filing No. 306).

November 5, 2012.

BY THE COURT:

*s/ Cheryl R. Zwart*
United States Magistrate Judge

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.