IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| PETER KIEWIT SONS', INC., | |
| Plaintiff, | 8:10-CV-365 |
| vs. | |
| WALL STREET EQUITY GROUP, INC., WALL STREET GROUP OF COMPANIES, INC., SHEPHERD FRIEDMAN and STEVEN S. WEST, | MEMORANDUM AND ORDER |
| Defendants. | |

This matter is before the Court on the Findings and Recommendation of the United States Magistrate Judge (filing 370) recommending that default be entered against defendants Wall Street Equity Group, Inc. and Wall Street Group of Companies, Inc., based on their failure to respond to the Magistrate Judge's order to obtain counsel. No objection to the findings and recommendation has been filed.

28 U.S.C. § 636(b)(1) provides for de novo review only when a party objected to the Magistrate Judge's findings or recommendations. *Peretz v. United States*, 501 U.S. 923 (1991). Failure to object to a finding of fact in a Magistrate Judge's recommendation may be construed as a waiver of the right to object from the district court's order adopting the recommendation of the finding of fact. NECrimR 59.2(e). The Magistrate Judge's findings and recommendation advised the parties that failure to object to the findings and recommendation may be held to be a waiver of the right to appeal the Court's adoption of the recommendation. *See* filing 370. And the failure to file an objection eliminates not only the need for de novo review, but any review by the Court. *Thomas v. Arn*, 474 U.S. 140 (1985); *Leonard v. Dorsey & Whitney LLP*, 553 F.3d 609 (8th Cir. 2009); *see also United States v. Meyer*, 439 F.3d 855, 858-59 (8th Cir. 2006). Accordingly, the Court deems any objection to the Magistrate Judge's findings and recommendation waived, and will adopt the findings and recommendation.

IT IS ORDERED:

1.    Default is entered against defendants Wall Street Equity Group, Inc. and Wall Street Group of Companies, Inc.

2.    The plaintiff shall be afforded an opportunity to prove not only the amount of damages at issue, but the degree and extent of Wall Street Equity Group, Inc.'s and Wall Street Group of Companies, Inc.'s culpability in causing those damages.

3.    The clerk's office is directed to mail and email a copy of this filing to Wall Street Equity Group, Inc. and Wall Street Group of Companies, Inc. at the addresses identified by their former counsel in filing 365.

Dated this 21st day of March, 2013.

BY THE COURT:

John M. Gerrard
United States District Judge