IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| PETER KIEWIT SONS', INC.,<br><br>　　　　　　Plaintiff,<br><br>　vs.<br><br>WALL STREET EQUITY GROUP, INC., WALL STREET GROUP OF COMPANIES, INC., SHEPHERD FRIEDMAN, STEVEN S. WEST,<br><br>　　　　　　Defendants. | 8:10CV365<br><br>FINDINGS AND RECOMMENDATION |

　　　　The plaintiff has filed a second motion for sanctions, requesting entry of a default against the defendants. A default has already been entered against the corporate defendants for failing to secure counsel representation. For the reasons discussed below, the court finds a default should be entered against all the defendants as a sanction for severe and continuing discovery abuses.

　　　　The defendants' discovery abuses have been thoroughly discussed in the court's prior orders, (Filing Nos. 263, 329, and 364), and the factual findings within those orders are incorporated herein by reference. As more specifically described in the prior orders:

- Defendants made false representations under oath, in answers to written discovery, in briefs, and at oral argument before the undersigned that no more than two letters were sent to potential clients mentioning "Kiewit."

- The Defendants evaded and stalled responding to discovery by falsely stating Arthur Bertke did not possess any of Defendants' electronic files.

- Defendants submitted affidavits from two of its employees which falsely stated the name "Kiewit" was never mentioned in writing while Tara Bethel was employed by Defendants.

- Defendant West, while president of the company, tossed a computer server in a dumpster the same month Defendants received notice that Plaintiff was seeking Defendants' electronic records.

- Defendants failed to make a good faith search of its electronic files before responding to discovery and stating no responsive information existed.

- While in Omaha and preparing to testify on the plaintiff's initial motion for sanctions, the defendants created a plan to fraudulently transfer the defendants' assets to thwart any collection of damages if the plaintiff prevailed.

- While waiting for a ruling on plaintiff's motion for sanctions and the defendants' motion for a protective order, the defendants attempted to manipulate and influence prospective witnesses by insinuating Kiewit had wrongfully reneged on purchasing the witness' business.

- The defendants were ordered to pay discovery sanctions but to date, they have paid nothing.

The court may enter a default when the defendants willfully and in bad faith subvert pretrial and discovery processes.  This court has already entered a detailed order imposing substantial monetary sanctions, but the defendants have paid nothing toward the sanctions award.  More importantly, their misconduct and lack of cooperation continued even after the sanctions award was entered.  The defendants' discovery abuses have undermined and extensively delayed any reasonable preparation of this case for trial.  Under such circumstances, an entry of default is warranted.  Everyday Learning Corp. v. Larson, 242 F.3d 815, 818 (8th Cir. 2001).

    Accordingly,

    IT IS RECOMMENDED to the Honorable John M. Gerrard, United States District Judge, pursuant to 28 U.S.C. § 636(b), that a default be entered against each of the defendants as a discovery sanction.

    IT IS FURTHER RECOMMENDED that if a default is entered against the defendants as a discovery sanction, the Plaintiff be afforded an opportunity to prove not only the amount of damages at issue, but the degree and extent of each defendant's culpability in causing those damages.

    The parties are notified that failing to file an objection to this recommendation as provided in the local rules of this court may be held to be a waiver of any right to appeal the court's adoption of the recommendation.

The clerk shall mail and email a copy of this recommendation to each of the defendants.

April 8, 2013.

BY THE COURT:

*s/ Cheryl R. Zwart*
United States Magistrate Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.