IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| PETER KIEWIT SONS', INC., | |
| Plaintiff, | 8:10-CV-365 |
| vs. | |
| WALL STREET EQUITY GROUP, INC., et al., | MEMORANDUM AND ORDER |
| Defendants. | |

    This matter is before the Court on the Findings and Recommendation of the United States Magistrate Judge (filing 376) recommending that default be entered against all the defendants as a sanction for severe and continuing discovery abuses. Because default has already been entered against defendants Wall Street Equity Group, Inc. and Wall Street Group of Companies, Inc. (filing 375), the present findings and recommendation are primarily directed at the remaining defendants, Shepherd Friedman and Steven West. Objections to the findings and recommendation have been filed by both Friedman (filing 379) and West (filing 377). But the Court will overrule those objections and adopt the Magistrate Judge's findings and recommendation.

    The defendants' discovery abuses are well documented in the Magistrate Judge's findings and recommendation, and in the previous orders entered by the Magistrate Judge, so they need not be repeated here. It suffices to say that the Court has reviewed the Magistrate Judge's findings *de novo* and finds them to be well supported by the record. *See*, 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

    West's objection primarily consists of a point-by-point denial of the Magistrate Judge's factual findings. Filing 377 at 1-2. The Magistrate Judge has previously addressed why West's claims are not credible, *see* filing 263 at 28-36, and the Court agrees with those findings. West also complains that his previous counsel was ineffective, and accuses her (in effect) of breaching her fiduciary duties toward him. Filing 377 at 2-3. But it is well understood that litigants choose counsel at their peril. *Inman v. Am. Home Furniture Placement, Inc.,* 120 F.3d 117, 118 (8th Cir. 1997); *Comiskey v. JFTJ Corp.,* 989 F.2d 1007, 1010 (8th Cir. 1993). And it is equally well established that a party is responsible for the actions and conduct of his or her counsel and that

dismissal or default may be entered against a party as a result of counsel's actions.[1] *Comiskey*, 989 F.2d at 1010; *see also*, *Everyday Learning Corp. v. Larson*, 242 F.3d 815, 817 (8th Cir. 2001); *Rodgers v. Curators of the Univ. of Mo.*, 135 F.3d 1216, 1220 (8th Cir. 1998). West

> voluntarily chose this attorney as his representative in the action, and he cannot now avoid the consequences of the acts or omissions of this freely selected agent. Any other notion would be wholly inconsistent with our system of representative litigation, in which each party is deemed bound by the acts of his lawyer-agent and is considered to have notice of all facts, notice of which can be charged upon the attorney.

*Link v. Wabash R.R.*, 370 U.S. 626, 633-34 (1962) (quotations omitted); *accord Wescott Agri-Products, Inc. v. Sterling State Bank, Inc.*, 682 F.3d 1091, 1096 (8th Cir. 2012). If West is truly an innocent party who has been misled and victimized by his attorney (however unlikely that might seem), then he has recourse in a malpractice action. *See*, *Link*, 370 U.S. at 634 n.10; *Inman*, 120 F.3d at 119.

Friedman's objection covers much of the same territory: he generally complains that he left the defendant companies in July 2011, and cannot be held responsible for anything that happened after that; and what's more, if anything happened before then, he had nothing to do with it. Filing 379 at 1-4. Friedman stands on somewhat firmer ground than West—Friedman, at least, does not seem to be implicated in the destruction of evidence to the extent that West is.[2] *See* filing 263. But like West, he is responsible for the conduct of litigation that was undertaken by his chosen attorney in his defense. His denials, even if credible (and the Court is not saying that they are) do not preclude sanctioning him for the conduct undertaken in his name. It is not unjust to hold a client responsible for his attorney's misconduct. *Wescott Agri-Products*, 682 F.3d at 1096.

---

[1] And of course, as explained by the Magistrate Judge, West's own sanctionable conduct is clearly at issue. *See, e.g.,* filing 263 at 28-36.

[2] That having been said, Friedman did endorse, under oath, the facts asserted by the defendants in support of their motion for summary judgment. *See* filing 242 at 9-24; filing 242-3. Among those facts were assertions of innocence with regard to the conduct of discovery, and facts that in his objection Friedman claims to know nothing about. *Compare* filing 242 at 9-24; filing 379. In other words, if the professions of ignorance in his objection are true, then Friedman almost certainly would have perjured himself in support of the defendants' motion for summary judgment.

Friedman also points out, correctly, that a judgment of default is a severe punishment. Filing 379 at 1. But Fed. R. Civ. P. 37(b)(2)(A)(vi) grants the Court authority to enter a default judgment against a party who abuses the discovery process. *Chrysler Corp. v. Carey*, 186 F.3d 1016, 1022 (8th Cir. 1999) (quoting *Comiskey*, 989 F.2d at 1009). Such a sanction is appropriate when there has been an order compelling discovery, a willful violation of that order, and prejudice to the other party. *Larson*, 242 F.3d at 817; *Carey*, 186 F.3d at 1019. Those criteria are, as explained by the Magistrate Judge, more than satisfied in this case.

The Court has considered whether other sanctions might be appropriate. The entry of default judgment should be a rare judicial act. *Comiskey*, 989 F.2d at 1009. The Court is mindful of the defendants' opportunity to be heard, and the strong policy in favor of deciding a case on the merits and against depriving a party of his day in court. *Carey*, 186 F.3d at 1020. But monetary sanctions and an inference of spoliation have already been deployed in this case to little effect. *See* filing 263. Default judgment is appropriate when the party's conduct includes willful violations of court rules, contumacious conduct, or intentional delays. *Inman*, 120 F.3d at 119; *see also Comiskey*, 989 F.2d at 1009. And when the facts show willfulness and bad faith, as in this case, the Court need not investigate the propriety of a less extreme sanction. *Larson*, 242 F.3d at 817-18.

This case is, in fact, strikingly similar to *Carey*, in which the defendants falsely denied the existence of documents, then resisted production of documents and failed to produce documents that were clearly responsive to the plaintiff's discovery requests. 186 F.3d at 1020. The defendants in that case had lied during the discovery process, sometimes under oath, presenting a "direct affront to the court." *Id.* at 1021. The number of documents at issue, the Eighth Circuit said, made it implausible that the defendants' omissions could be explained by a failure to recall seeing them. *Id.* at 1021-22. In sum, their efforts "to deny and conceal evidence, and to provide false and misleading testimony, seriously threatened the integrity of the trial as well as the judicial process in general[,]" warranting default judgment against them. *Id.* at 1021-22. *See also Haskins v. Lister*, 626 F.2d 42, 43 (8th Cir. 1980).

The Court also notes West's request for a telephonic evidentiary hearing on this matter. Filing 377 at 3. No hearing is necessary before sanctions are imposed where the record demonstrates a willful and bad faith abuse of discovery and the non-cooperating party could not be unfairly surprised by the sanction. *Carey*, 186 F.3d at 1022 (citing *Comiskey*, 989 F.2d at 1012). In any event, West had the opportunity to respond to the plaintiff's motion for sanctions and object to the Magistrate Judge's findings and

- 3 -

recommendation, and these matters have been fully and repeatedly litigated, satisfying the requirements of due process. *Id.* at 1022-23. The Court will not grant West's request for a telephonic hearing.

Instead, the Court will adopt the Magistrate Judge's findings and recommendation. The Court will, as a sanction, strike the defendants' answer, *see Carey*, 186 F.3d at 1022, and direct the Clerk of the Court to enter the defendants' default. Because evidence will be necessary to establish the plaintiff's damages and the amount of any award of attorney fees, the Court will direct the Magistrate Judge to progress this case toward a determination of damages pursuant to Fed. R. Civ. P. 55(b)(2).

IT IS ORDERED:

1. West's objection to the Magistrate Judge's findings and recommendation, styled as a "Motion in Opposition to Findings and Recommendations" (filing 377), is overruled.

2. Friedman's "Objection to Findings and Recommendation of Default Dated 4/8/13" (filing 379) is overruled.

3. The Magistrate Judge's Findings and Recommendation (filing 376) are adopted.

4. The defendants' operative answer (filing 133) is stricken. Default is entered against all defendants as a discovery sanction. The Clerk of the Court is directed to enter the defendants' default pursuant to Fed. R. Civ. P. 55(a).

5. A default judgment shall be entered upon the plaintiff's Second Motion for Sanctions (filing 351) pursuant to Fed. R. Civ. P. 55(b)(2) and NECivR 55.1(c). The plaintiff shall be afforded an opportunity to prove not only the amount of damages at issue, but the degree and extent of each defendant's culpability in causing those damages.

6. The United States Magistrate Judge is directed to progress this case to a final resolution.

7. The Clerk of the Court is directed to mail and email a copy of this filing to each of the defendants.

Dated this 8th day of May, 2013.

BY THE COURT:

John M. Gerrard
United States District Judge