IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

PETER KIEWIT SONS', INC.,

        Plaintiff,

vs.

WALL STREET EQUITY GROUP, INC.,
WALL STREET GROUP OF
COMPANIES, INC., SHEPHERD
FRIEDMAN, STEVEN S. WEST,

        Defendants.

8:10CV365

MEMORANDUM AND ORDER

      Defendant West has filed a motion requesting that the undersigned magistrate judge recuse herself from this case. (Filing No. 404). Reading defendant's *pro se* motion liberally, the defendant claims recusal is necessary because my past rulings evidence a bias against him.

      "A party introducing a motion to recuse carries a heavy burden of proof; a judge is presumed to be impartial and the party seeking disqualification bears the substantial burden of proving otherwise." Fletcher v. Conoco Pipe Line Co., 323 F.3d 661, 664 (8th Cir. 2003). Every judicial officer must satisfy herself that she is actually unbiased toward the parties in each case and that her impartiality is not reasonably subject to question.

> The judge presiding over a case is in the best position to appreciate the implications of those matters alleged in a recusal motion. In deciding whether to recuse [her]self, the trial judge must carefully weigh the policy of promoting public confidence in the judiciary against the possibility that those questioning his impartiality might be seeking to avoid the adverse consequences of [her] presiding over their case.

In re Kansas Public Employees Retirement System, 85 F.3d 1353, 1358 (8th Cir. 1996) (quoting In re Drexel, 861 F.2d 1307, 1312 (2d Cir. 1988). See also, United States v. Balistrieri, 779 F.2d 1191, 1202-03 (7th Cir. 1985) (decisions with respect to disqualification should be made by the judge sitting in the case, and not by another judge.) "[T]he recusal inquiry must be made from the perspective of a reasonable

observer who is informed of all the surrounding facts and circumstances." Cheney v. U.S. Dist. Court for Dist. of Columbia, 541 U.S. 913, 924 (2004); O'Bannon v. Union Pac. R.R. Co., 169 F.3d 1088, 1091 (8th Cir.1999); Lunde v. Helms, 29 F.3d 367, 370 (8th Cir. 1994).

A judge must recuse herself if her "impartiality might reasonably be questioned," (28 U.S.C. §455(a)), but she has an equal obligation not to recuse herself when there is no reason to do so. Southwestern Bell Telephone Co. v. F.C.C, 153 F.3d 520, 523 (8th Cir. 1998). As the legislative history of 28 U.S.C. §455 explains, disqualification for lack of impartiality must have a reasonable basis. Nothing in this legislation should be read to warrant the transformation of a litigant's fear that a judge may decide a question against him into a "reasonable fear" that the judge will not be impartial. Litigants should not have to face a judge where there is a reasonable question of impartiality, but they are not entitled to a judge of their own choice. House Report No. 93-1453, adopting Senate Report No. 93-419, 3 U.S.Code Cong. & Admin. News, 93rd Cong., 2d Sess. 1974, pp. 6351-6363 at 6355.

While personal animosity toward a party can be the basis for recusal, such is not the case here. My decisions have been based on the evidence and arguments presented for my consideration. Except in extreme circumstances demonstrating favoritism or antagonism, determinations of bias or partiality cannot be based on opinions, rulings, or incidents arising out of the course of the proceedings in question. Liteky v. United States, 510 U.S. 540, 554 (1994). Judicial rulings alone almost never constitute a valid basis for a bias or partiality motion. These rulings may provide a proper ground for appeal, but not for recusal. Opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible. Id. at 555. In addition, bias or partiality is not established by evidence of "expressions of impatience,

dissatisfaction, annoyance, and even anger, that are within the bounds of what imperfect men and women, even after having been confirmed as federal judges, sometimes display." Id. at 555-54.

Having reflected on this case, I am convinced that my rulings were not based on any bias and I am not biased for or against any party in this case. The defendant's motion to recuse will be denied.

To the extent defendant West's motion seeks a continuance of trial, the motion is also denied. West has submitted an additional medical opinion, submitted from his acupuncture provider, which states that if West is subjected to a one-day trial "there may be a high chance of Mr. West suffering a severe adverse medical event which could he a catastrophic cardiovascular event." (Filing No. 404, at CM/ECF p. 3). This additional opinion is not a sufficiently certain and reliable opinion from a qualified medical provider to warrant reversing my prior decision.

Accordingly,

IT IS ORDERED:

1) Defendant's motion for recusal, (filing no.404), is denied.

2) The pretrial teleconference before Judge Gerrard remains scheduled to be held at 2:00 p.m. on October 9, 2013.

3) The non-jury trial of this case remains set to commence before John M. Gerrard, United States District Judge, in the Special Proceedings Courtroom, Roman L. Hruska Federal Courthouse, 111 South 18th Plaza, Omaha, Nebraska, at 9:00 a.m. on October 11, 2013, or as soon thereafter as the case may be called, for a duration of one (1) trial day.

October 8, 2013.

BY THE COURT:

*s/ Cheryl R. Zwart*
United States Magistrate Judge